**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

CRIMINAL ACTION NO. 5:17-CR-30-DCR

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                    **UNITED STATES' SENTENCING MEMORANDUM**

GENE PAUL PENDYGRAFT                                                           DEFENDANT

\* \* \* \* \*

Gene Paul Pendygraft pleaded guilty to one count of knowingly receiving visual depictions using a means and facility of interstate and foreign commerce, that is, by computer over the internet, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct (often referred to as child pornography [CP]), in violation of 18 U.S.C. § 2252(a)(2).  The United States agreed to move the Court at sentencing to dismiss the remaining two counts of the indictment, which charged knowingly distributing and knowingly possessing such visual depictions in violation of 18 U.S.C. § § 2252(a)(2) and 2252(a)(4)(B).  The Defendant also admitted to the Forfeiture Allegation contained in the indictment.  The United States submits that a sentence at the bottom of the guidelines range as calculated by the Probation Office is appropriate in this case.

**RESPONSE TO PENDYGRAFT'S UNRESOLVED OBJECTION**

Pendygraft objects that the United States Probation Office failed to include in the

Presentence Investigation Report (PSR) an adjustment of his sentence pursuant to U.S.S.G. § 5G1.3.  He argues that he has been incarcerated serving an undischarged sentence of imprisonment and that the state sentence should be included in "relevant conduct" so that U.S.S.G. § 5G1.3 applies.  The United States disagrees that a felon in possession of a firearm offense is relevant conduct to his offense of receiving CP.

The undersigned Assistant United States Attorney (AUSA) is unaware of any prosecutions within the Eastern District of Kentucky in which an offender was indicted for an offense similar to the offense for which Pendygraft stands convicted, including production, distribution, or possession of CP, and for being a prohibited person (previously convicted felon) in possession of a firearm pursuant to 18 U.S.C. § 922 (g)(1).

Indeed, the undersigned AUSA was consulted by another AUSA in a CP case in which firearms were located during the execution of a search warrant.  The decision was made in that case as well to not pursue the firearms charges federally, at least not in conjunction with the CP offense.  The rationale behind that decision was that a defendant who might be indicted for both CP offenses and firearm offenses would most likely be successful in requesting a severance of those charges in a single indictment, pursuant to Fed. R. of Crim. Proc. 14.  The United States therefore requests the Court to overrule the Defendant's objection to the Probation Officer not applying U.S.S.G. § 5G1.3.

## 18 U.S.C. § 3553 AND THE APPROPRIATE SENTENCE

The United States believes that a sentence at the bottom end of the guidelines

range as calculated by the Probation Office is certainly sufficient in this case. As noted in ¶¶ 43 and 44 of the PSR, the guidelines range is 292-365 months, and the statutory mandatory minimum sentence is 15 years (180 months) with a statutory maximum sentence of 40 years (480 months). A substantial sentence is needed "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Pendygraft was convicted of possessing child pornography in 2001. (¶ 26 of the PSR). The thought of men continually viewing pornographic images of them as children "for their own sick sexual desires" is what many child pornography victims state is a cause of their continuing emotional distress as they enter adulthood.

A substantial sentence is needed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Receiving, possessing and distributing child pornography are not victimless crimes, but repeatedly expose each child victim to shame and humiliation. *See, e.g.*, *New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.") *See also United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011) ("And as long as there is a demand [for] images of child pornography, there is going to be an unending stream of child abuse of children who are forced into these roles.") Moreover, traders of child pornography often form a community normalizing, teaching,

3

and encouraging others interested in sexually molesting children.

Furthermore, a substantial sentence is needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Such a sentence will be a clear warning to others considering similar conduct. "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). *See also United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012) (reversing district court for neglecting importance of deterrence in sentencing for possession of child pornography); *Ferber*, 458 U.S. at 760 ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for this material by imposing severe criminal penalties on persons . . . promoting the product.").

Producers, traders and collectors of child pornography may have a compulsion for this material, but they are still deterred by law enforcement. Learning of Pendygraft's substantial sentence will perhaps reduce the abuse of children by others in this district who would consider possessing and trading such material. *See, e.g.*, *Widmer*, 511 F. App'x at 511-12 ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

18 U.S.C. § 3553(a)(6) notes, as another factor for district courts to consider, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The United States is not aware of a compilation of cases that includes divorced and potentially suicidal defendants, but the undersigned AUSA has noticed a substantial number of CP defendants seem to have

various mental health issues. Whatever the Defendant's mental health issues may be, the United States submits that a substantial sentence - a sentence near the bottom of the guidelines range certainly is substantial - is needed to ensure the Defendant addresses his problem with accessing, obtaining, and possessing CP.

Although the undersigned AUSA recognizes that 18 U.S.C. § 3553(a)(6) contemplates a nation-wide comparison of sentences for the "unwarranted disparity" analysis, consulting the following list of cases may be helpful. This list does not compare the sentences imposed in all cases of receipt of child pornography within the Eastern District of Kentucky; however, it is a compilation of the cases prosecuted by the undersigned AUSA for receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) since early 2014:

1. *U.S. v. Charles David Compton*, 14-CR-4-ART-EBA, sentenced to 180 months of imprisonment, to be followed by a life term of supervised release. Compton's statutory minimum and maximum sentences were increased to 15 years and 40 years, respectively, for receipt, as he had a previous "hands-on" conviction.

2. *U.S. v. Neil Mason Williams*, 14-CR-100-KKC, sentenced to 66 months of imprisonment, to be followed by a 20-year term of supervised release, plus $7,000.00 in restitution.

3. *U.S. v. Bret Dunning*, 14-CR-44-KKC, sentenced to 165 months of imprisonment, to be followed by a 15-year term of supervised release, plus a $17,500.00 fine and $10,000.00 in restitution.

4. *U.S. v. Zachary Daniel True*, 15-CR-55-JMH, sentenced to 84 months of imprisonment, to be followed by a 40-year term of supervised release.

5. *U.S. v. Roger Derek Johnson,* 16-CR-6-DCR-EBA, sentenced to 240 months of imprisonment, to be followed by a life term of supervised release.

6. *U.S. v Rafael Anorve-Mendoza,* 15-CR-15-GFVT, sentenced to 66 months of imprisonment, to be followed by a 5-year term of supervised release. Anorve-Mendoza was an alien illegally present in the United States and was subject to deportation upon completion of his sentence of imprisonment.

7. *U.S. v Xiang Wang,* 16-CR-032-S-KKC-REW, sentenced to 78 months of imprisonment, to be followed by a 10-year term of supervised release. Wang was an alien legally in the United States at the time of his offense, but he will be subject to deportation upon completion of his sentence of imprisonment.

8. *U.S. v James Keith Wolfe,* 16-CR-016-DLB-EBA, sentenced to 132 months of imprisonment, to be followed by a 20-year term of supervised release.

9. *U.S. v Craig T. Anderson,* 16-CR-010-KKC-EBA, sentenced to 87 months of imprisonment, to be followed by a 25-year term of supervised release.

10. *U.S. v Matthew Ryan Murdoch,* 17-CR-29-JMH, sentenced to 175 months of imprisonment, to be followed by a life term of supervised release.

11. *U.S. v Nicholas Aaron Willinger,* 18-CR-007-JMH, sentenced to 190 months of imprisonment, to be followed by a life term of supervised release.

Each of the cases listed above were resolved by a guilty plea to a single count of receipt and the dismissal of all remaining counts.

The following cases went to trial and the defendant was convicted of all counts with which he was charged, including receipt:

1. *U.S. v. Mark Andrew Morris,* 15-CR-004-SS-JMH, sentenced to 360 months on each of two counts of production, **240 months on** each of two counts of distribution and **one count of receipt**, and 120 months on one count of possession, concurrently for a total sentence of 360 months of imprisonment, to be followed by a life term of supervised release. (jury trial).

2. *U.S. v. Joseph David Martin,* 15-CR-011-GFVT, sentenced to 360 months on one count of production, **240 months on one count of receipt**, and 120 months on one count of possession, with counts one and two run concurrently and count three run consecutively for a total sentence of 480 months of imprisonment, to be followed by a life term of supervised release. (jury trial).

3. *U.S. v. Jordan Combs,* 15-CR-031-S-KKC, sentenced to 360 months on each of four counts of production, **240 months on** each of five counts of distribution and **ten counts of receipt**, and 120 months on one count of possession, all run concurrently for a total sentence of 360 months of imprisonment, to be followed by a life term of supervised release. (jury trial).

18 U.S.C. § 3553(a)(7) contains the final factor courts are to consider when imposing sentence: "the need to provide restitution to any victims of the offense." 18 U.S.C. § 2259(a) and (b)(4) makes the entry of an Order of restitution mandatory in any case involving an offense contained in chapter 110, which includes the offense of which the Defendant has been convicted. On July 24, 2018, the undersigned Assistant United States Attorney spoke with the attorney for the only victim who had sought restitution from this Defendant, at which time the Victim's attorney withdrew the request for restitution from Mr. Pendygraft.

## **CONCLUSION**

The United States respectfully requests the Court to impose a sentence at the bottom of the guidelines range as calculated by the Probation Office. Such a sentence will be sufficient, but not greater than, necessary to comply with the purposes contained in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

ROBERT M. DUNCAN, JR,
UNITED STATES ATTORNEY

By:  s/ David A. Marye
     Assistant United States Attorney
     260 W. Vine Street

                                                            Lexington, Kentucky 40507-1612
                                                            (859) 685-4873
                                                            David.Marye@usdoj.gov

CERTIFICATE OF SERVICE

On July 24, 2018, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

        Thomas C. Lyons, Esq.
        *Attorney for Gene Paul Pendygraft*

and I emailed a copy to U.S. Probation Officer Alan Hammond.

                                                              s/ David A. Marye
                                                              Assistant United States Attorney