AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 1

Eastern District of Kentucky

# UNITED STATES DISTRICT COURT

**FILED**

**AUG 0 1 2018**

Eastern District of Kentucky – Central Division at Lexington

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>Gene Paul Pendygraft | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 5:17-CR-30-DCR<br><br>USM Number: 08413-032<br><br>Thomas C. Lyons<br>Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s)
    which was accepted by the court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:2252(a)(2) | Receipt of Visual Depictions Using a Means and Facility of Interstate Commerce Involving the Use of a Minor Engaging in Sexually Explicit Conduct | 08/22/16 | 1 |

     The defendant is sentenced as provided in pages 2 through     8     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 2-3      ☐ is    ☒ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 27, 2018
Date of Imposition of Judgment

Signature of Judge

Honorable Danny C. Reeves, U.S. District Judge
Name and Title of Judge

July 30, 2018
Date

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                       Sheet 2 - Imprisonment

Judgment — Page   2   of   7

DEFENDANT:          Gene Paul Pendygraft
CASE NUMBER:        5:17-CR-30-DCR-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**TWO HUNDRED NINETY-TWO (292) MONTHS**
**(concurrent with the sentence imposed in Boyle County, Kentucky, Circuit Court Case Number 17-CR-28. The defendant shall be credited with TWENTY (20) MONTHS and SIX (6) DAYS of custody credit that has been served in Boyle County, Kentucky, Circuit Court Case Number 17-CR-28 toward the sentence imposed in U.S. District Court, Eastern District of Kentucky, Docket No. 5:17-CR-30-DCR-1)**

☒   The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant participate in a sex offender treatment program.
It is recommended that the defendant participate in a mental health program.
It is recommended that the defendant be designated at FCI Butner.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)    Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT:         Gene Paul Pendygraft
CASE NUMBER:       5:17-CR-30-DCR

Judgment—Page ___3___ of ___8___

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

**LIFE**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check, if applicable.)*
5.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
6.  ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
7.  ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                       Sheet 3A - Supervised Release

Judgment—Page ___4___ of ___8___

DEFENDANT:        Gene Paul Pendygraft
CASE NUMBER:      5:17-CR-30-DCR

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3D - Supervised Release

DEFENDANT:       Gene Paul Pendygraft
CASE NUMBER:     5:17-CR-30-DCR

## SPECIAL CONDITIONS OF SUPERVISION

1. You must abstain from the use of alcohol.

2. You must not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to controlled substances, except as prescribed by a physician and must not frequent places where controlled substances are illegally sold, used, distributed or administered.

3. You shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance abuse testing, which is required as a condition of release.

4. You shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

### Sex Offender Treatment

5. You must participate in a program for treatment of mental health/sexual disorders; you must undergo a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed; must be subject to periodic polygraph examinations and/or Computer Voice Stress Analysis (CVSA) testing, at the discretion and direction of the probation officer; and, must follow the rules and regulations of the sex offender treatment program as implemented by the probation office.

### Residence Restriction

6. Your residence and employment must be pre-approved by the probation officer and in compliance with state and local law.

### Restricted Contact with Minors

7. You must not frequent, volunteer, or work at places where children under the age of 18 congregate (e.g. playgrounds, parks, day-care centers, public swimming pools, youth centers, video arcade facilities) unless approved by the probation officer, and must have no contact with victims.

8. You must not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 without the permission of the probation officer. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc., with whom you must deal in order to obtain ordinary and usual commercial services.

### Restricted Materials

9. You must not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available.

10. You must not possess or use a device capable of creating pictures or video, without the approval of the probation officer. You are permitted to have a smartphone device; however, you must permit the probation officer access to monitor the smartphone use or prevent access to particular materials, and to consent to periodic inspection of any such device.

### Restricted Access

11. You must not rent or use a post office box or storage facility, without the approval of the probation officer.

AO 245B (Rev. 02/18)    Judgment in a Criminal Case
Sheet 3E - Supervised Release

DEFENDANT:        Gene Paul Pendygraft
CASE NUMBER:      5:17-CR-30-DCR

Judgment—Page ___6___ of ___8___

# ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

### Sex Offender Registration

12. You must register as a sex offender as prescribed by state law.

### Computer Restrictions

13. You must not possess or use a computer or any device with access to any "on-line computer service" at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system, or any other public or private network or e-mail system.

14. You must consent to the U.S. Probation Office conducting unannounced examinations of your computer system(s) and internal/external storage devices, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on your computer(s), any hardware/software to monitor your computer use or prevent access to particular materials, and to consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.

15. You must provide the U.S. Probation Office with accurate information about your entire computer system (hardware/software) and internal/external storage devices; all passwords used by you; and will abide by all rules of the computer Restriction and Monitoring Program.

### Search/Seizure

16. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search will be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

### Financial Disclosure

17. You must provide the probation officer with access to any requested financial information. This special condition for financial disclosure is recommended as a means to allow the U.S. Probation Office to monitor purchases of electronic and/or peripheral devices, as well as any internet service either subscribed to or accessed by you.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment — Page ___7___ of ___8___

DEFENDANT: Gene Paul Pendygraft
CASE NUMBER: 5:17-CR-30-DCR

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment\*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ WAIVED | $ 0.00 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐   the interest requirement for the   ☐ fine   ☐   restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Judgment — Page    8    of    8

DEFENDANT:        Gene Paul Pendygraft
CASE NUMBER:     5:17-CR-30-DCR

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payment of $     100.00       due immediately, balance due

    ☐  not later than _____ , or
    ☒  in accordance with   ☐  C,   ☐  D  ☐  E, or   ☒  F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐  C,   ☐  D, or   ☐  F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

    Criminal monetary penalties are payable to:
    Clerk, U. S. District Court, Eastern District of Kentucky
    101 Barr Street, Room 206, Lexington KY 40507

        **INCLUDE CASE NUMBER WITH ALL CORRESPONDENCE**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
1. ACER Aspire computer tower, Serial Number PTS550X029706032792903; 2. HP Pavilion 17 Notebook Personal Computer, Serial Number 5CD40600F5; 3. Samsung Galaxy Note 3 cellular phone, Model Number: SM-N900P; and 4. All software and peripherals which are contained on or associated with the listed computers.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.